United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PETRA S. PEREZ, an individual,

        Plaintiff,

    v.

AMERICAN HOME MORTGAGE
SERVICING, INC.; MORTGAGE
ELECTRONIC REGISTRATION SYSTEM,
INC.; T.D. SERVICE COMPANY; and
DOES 1 through 50, inclusive,

        Defendants.

                         /

No. C 12-00932 WHA

ORDER GRANTING
DEFENDANTS' MOTION
TO DISMISS AND
VACATING HEARING

**INTRODUCTION**

In this action for wrongful foreclosure, defendants American Home Mortgage Servicing, Inc., and Mortgage Electronic Registration System, Inc., move to dismiss pursuant to FRCP 12(b)(6) or, in the alternative, for a more definite statement and to strike portions of the complaint. For the reasons stated below, defendants' motion to dismiss is **GRANTED.**

**STATEMENT**

Only two relevant facts appear in plaintiff's nearly thirty page complaint: Plaintiff financed the subject property on December 1, 2006, through American Brokers Conduit. Plaintiff was notified of default on April 5, 2010 (Compl. ¶¶ 7, 11).

Otherwise, the complaint attacks the legitimacy of the deed, its recording, and the notice of default and sale of the subject property. The thrust of plaintiff's contentions is that "MERS

is not the Beneficiary but is used to hide the true identity of the Beneficiary," and that, "[b]ased on this failure to disclose, and the lack of consideration paid by MERS," the deed of trust, as well as the sale thereof, is void. Plaintiff also alleges that the default was the direct result of the high payments, structure, and interest rate on the loan, and that plaintiff's performance on the loan was excused due to a breach by defendants (Compl. ¶¶ 9, 11).

Both sides are represented by counsel. The complaint alleges seven claims for relief: (1) violation of California Civil Code Section 2923.6; (2) violation of California Business and Professions Code Section 17200; (3) injunctive relief; (4) violation of California Civil Code Section 1572; (5) fraud; (6) intentional misrepresentation; and (7) wrongful foreclosure in violation of California Civil Code Sections 2923.5 and 2924. Defendants contend plaintiff has failed to adequately allege any of these claims. This order agrees.

**ANALYSIS**

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. FRCP 12(b)(6); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim is facially plausible when there are sufficient factual allegations to draw a reasonable inference that defendants are liable for the misconduct alleged. While a court "must take all of the factual allegations in the complaint as true," it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. at 1949–50 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) (citation omitted).

FRCP 9(b) requires that in all averments of fraud the circumstances constituting fraud must be stated with particularity. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally. "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted). FRCP 9(b) serves to give defendants notice of the

United States District Court

For the Northern District of California

2

United States District Court

For the Northern District of California

1    specific fraudulent conduct against which they must defend.  *See Bly-Magee v. California*,

2    236 F.3d 1014, 1018 (9th Cir. 2001).

3    **1.    DEFENDANTS' REQUEST FOR JUDICIAL NOTICE.**

4            Defendants request that judicial notice be taken of the following documents:  (1) a deed

5    of trust recorded with the Alameda County Recorder's Office on December 1, 2006, as document

6    number 2006442120; (2) a notice of default, recorded with the Alameda County Recorder's

7    Office on July 18, 2011, as document number 2011200015; (3) an assignment of deed of trust,

8    recorded with the Alameda County Recorder's Office on July 20, 2011, as document number

9    2011202483; (4) a substitution of trustee, recorded with the Alameda County Recorder's Office

10   on October 4, 2011, as document number 2011281524; and (5) a notice of trustee's sale,

11   recorded with the Alameda County Recorder's Office on October 14, 2011, as document

12   number 2011292866 (RJN at 2).  These documents are matters of public record not generally

13   subject to dispute.  Judicial notice of these documents is appropriate under Federal Rule of

14   Evidence 201.  Defendants' request for judicial notice of these five documents is accordingly

15   **GRANTED.**

16           These documents show that defendant T.D. Service Company, not a moving party,

17   recorded a notice of default against the property in July 2011.  Also in July 2011, the lender's

18   interest in the property was assigned to Deutsche Bank National Trust Company.  In October

19   2011, Power Default Services, Inc. was substituted as trustee.  Also in October 2011, a notice

20   of trustee's sale was recorded by defendant T.D. Service Company, announcing a sale of the

21   subject property scheduled for November 9, 2011.  While defendants state the sale did not take

22   place at that time, the complaint appears to contend that a sale has occurred (Br. 2; RJN

23   Exhs. 2–5; Compl. ¶ 108).

24   **2.    CALIFORNIA CIVIL CODE SECTION 2923.6.**

25           Plaintiff alleges violations of Section 2923.6 against all defendants.  Section 2923.6

26   provides:

27                 (a)  The legislature finds and declares that any duty servicers may
                   have to maximize net present value under their pooling and
28                 servicing agreement is owed to all parties in a loan pool, not to any

3

particular parties, and that a servicer acts in the best interests of all parties if it agrees to or implements a loan modification or workout plan for which both of the following apply:

(1)  The loan is in payment default, or payment default is reasonably foreseeable.

(2)  Anticipated recovery under the loan modification or workout plan exceeds the anticipated recovery through foreclosure on a net present value basis.

(b)  It is the intent of the Legislature that the mortgagee, beneficiary, or authorized agent offer the borrower a loan modification or workout plan if such a modification is consistent with its contractual or other authority.

Section 2923.6 does not operate substantively to provide a private right of action. Although our court of appeals has not yet weighed in on this issue, district courts in this circuit have found "that the legislative history, intent, and plain language of [Section] 2923.6 makes it clear that servicers are not obligated to offer loan modifications to borrowers," and it does not provide a private claim for relief to borrowers. *Bulaoro v. Oro Real, Inc.*, 2011 WL 6372458, at *9 (N.D. Cal. Dec. 20, 2011) (Alsup, J.) (quoting *Dizon v. Cal. Empire Bancorp, Inc.*, 2009 WL 3770695, at *5 (C.D. Cal. Nov. 9, 2009) (Snyder, J.)).  Because the statute does not provide a private claim, plaintiff's claim for relief under Section 2923.6 necessarily fails.

Moreover, plaintiff fails to allege sufficient facts under this heading to support a claim under any theory.  No specific conduct on the part of any defendant is alleged.  Instead, plaintiff makes a series of statements related to the scope of Section 2923.6 and foreclosures in general:

The Joint Economic Committee of Congress estimated in June, 2007, that the average foreclosure results in $77,935.00 to the homeowner, lender, local government, and neighbors . . .  Of the $77,935.00 in foreclosure costs, the Joint Economic Committee of Congress estimates that the lender will suffer $50,000.00 in costs in conducting a non-judicial foreclosure on the property, maintaining, rehabilitating, insuring, and reselling the property to a third party.  Freddie Mac places this loss higher at $58,759.00.

(Compl. ¶¶ 58–59).  These hyperbolic pronouncements cannot support a claim for relief. Accordingly, plaintiff's claim for violation of Section 2923.6 is **DISMISSED WITHOUT LEAVE TO AMEND.**

**3.      CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200.**

To state a claim for unfair competition pursuant to Section 17200, a plaintiff must allege that a defendant engaged in an "unlawful, unfair, or fraudulent business act or practice" or in "unfair, deceptive, untrue or misleading advertising." CAL. BUS. & PROF. CODE § 17200. The complaint fails to state a claim under all three prongs of the statute.

Plaintiff alleges that all defendants "committed acts of unfair competition . . . by engaging in the following practices:"  Immediately following this statement, however, plaintiff refers to "*[t]hese* acts and practices, as described in the previous paragraphs," without describing what conduct is being referenced (Compl. ¶¶ 64–65).  The only act or practice alleged in the complaint is a failure to disclose the beneficiary of the deed of trust (*id*. ¶¶ 8–9, 11, 13, 19).

*First*, this order finds the complaint fails to sufficiently allege the violation of any law by defendants.  Accordingly, plaintiff's claim under the "unlawful" prong of Section 17200 fails.

*Second*, "[t]he term 'unfair . . . business act or practice' . . . mean[s] deceptive conduct that injures consumers and competitors." *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 195–96 (1999).  The complaint fails to allege any fact demonstrating that defendants engaged in deceptive conduct that caused plaintiff injury.  Even taken as true, plaintiff's allegations are woefully insufficient.

*Finally*, to the extent that plaintiff's Section 17200 claim rests on the "fraudulent" prong of the statute, it also fails to state a claim for relief.  Allegations of fraudulent conduct under Section 17200 must satisfy the heightened pleading requirements of FRCP 9(b).  As stated above, FRCP 9(b) requires allegations of fraud to "the who, what, when, where, and how" of the misconduct charged.  Only the "when" requirement is arguably met by plaintiff's complaint — December 2006, and "continuing to the present time" (Compl. ¶ 64).  Accordingly, plaintiff's Section 17200 claim is **DISMISSED.**

**4.      FRAUD CLAIMS.**

Plaintiff alleges violations of California Civil Code Section 1572, common law fraud, and intentional misrepresentation against all defendants.  The elements of a fraud claim are: (1) defendant misrepresents or conceals material facts; (2) with knowledge of the falsity of the

5

representations or the duty of disclosure; (3) with intent to defraud or induce reliance; (4) which induces justifiable reliance by the plaintiff; (5) to his or her detriment. *Hahn v. Mirda*, 147 Cal. App. 4th 740, 748 (2007).  In order to prevail, the plaintiff must allege and prove that he or she actually relied upon the misrepresentations and, in the absence of fraud, would not have entered into the contract or transaction. *Mega Life & Health Ins. Co. v. Superior Court*, 172 Cal. App. 4th 1522, 1530 (2009).  Plaintiff fails to allege facts sufficient to give defendants notice of the specific fraudulent conduct against which they must defend.  Specifically, the complaint does not state how plaintiff relied upon the alleged misrepresentation or how this reliance was detrimental.

Plaintiff's fraud claims appear to hinge on the allegation that the notice of default was defective and did not disclose the true beneficiary of the deed of trust.  Plaintiff alleges that defendants were collectively engaged in a "scheme the purpose of which was to execute loans secured by real property in order to make commissions, kick-backs, illegal and undisclosed yield spread premiums and undisclosed profits."  Plaintiff alleges reliance on defendants' failure to disclose the true beneficiary and "because of his reliance his property will be foreclosed" (Compl. ¶¶ 93–102).  Plaintiff does not state, however, that he took any action or refrained from taking any action as a result of defendants' alleged failure to disclose the true beneficiary of the deed of trust.

Plaintiff also alleges that "had the terms of the loan been accurately represented and disclosed by defendants and/or defendants' predecessors, plaintiff would not have accepted the loan nor been harmed" and that "defendants . . . conspired and agreed to commit the above mentioned fraud" (*id.* ¶¶ 87–89).  Nowhere does plaintiff state whose or what misrepresentations or failures to disclose induced plaintiff to accept the loan.

Moreover, California Code of Civil Procedure Section 338(d) imposes a three-year statute of limitations on fraud-based claims.  The loan was executed in December 2006, and this action was initiated in January 2012.  In order to allege this claim more than two years past its expiration date, plaintiff must plead some basis for suspending the limitations period.  Plaintiff's statement that "as an unsophisticated customer, plaintiff could not have discovered

6

the true nature of the material facts on his own" does not suffice.  Nowhere does plaintiff allege when or what relevant facts were discovered giving rise to this claim.  Plaintiff's opposition brief (Opp. 9) also appears to assert new fraud claims against "Chase," though "Chase" is not named as a defendant in this action and does not appear to have been involved in any of the transactions at issue (Reply Br. 9).  Because the complaint fails to sufficiently allege plaintiff's fraud claims, these claims are **DISMISSED.**

**5.**    **WRONGFUL FORECLOSURE.**

Plaintiff alleges violations of California Civil Code Sections 2923.5 and 2924 against all defendants.  Specifically, plaintiff alleges defendants failed to record the assignment prior to commencing the foreclosure such that the foreclosure failed to comply with procedural requirements.  Plaintiff also alleges the declaration on the notice of default was missing.

As an initial matter, "the remedy for noncompliance [with Section 2923.5] is a simple postponement of the foreclosure sale, nothing more."  *Mabry v. Superior Court*, 185 Cal. App. 4th 208, 214 (2010).  Section 2923.5 provides that the lender must notify the borrower and help her assess her options for modification but need not automatically provide modification. *Id*. at 214.  The complaint contains conflicting statements as to whether a foreclosure sale has occurred (Compl. ¶¶ 108, 117; 27:3–4).  Because plaintiff appears to seek a temporary injunction requiring postponement of the sale and no documentation of a completed sale has been provided, this order will assume a sale has not yet occurred.  Contrary to defendants' contention, a borrower need not tender the full amount of indebtedness to be entitled to her rights under Section 2923.5.  *Mabry*, 185 Cal. App. 4th at 225–31.

Under Section 2923.5, any notice of default must include a declaration stating that the mortgagee "has contacted the borrower, [or] has tried with due diligence to contact the borrower."  *Id*. at 235.  Plaintiff's statement that "we need not look any farther than the notice of default to find the declaration is missing or is invalid" is baffling, as the notice of default plainly includes a Section 2923.5 declaration (RJN Exh. 2 at 2).  Plaintiff does not dispute the authenticity of the recorded notice or non-receipt thereof.

1    Plaintiff also attacks the personal knowledge of the Section 2923.5 declarant but

2  does not allege defendants failed to contact plaintiff to assess options for modification.

3  A Section 2923.5 declaration need not be under penalty of perjury and the declarant need not

4  be the same person who, in fact, contacted the borrower.  Moreover, each notice of default need

5  not be separately drafted in order to comply with Section 2923.5.  *Mabry*, 185 Cal. App. 4th

6  at 233–34.  The complaint appears to allege plaintiff *was* notified of default in April, 2010 —

7  more than a year prior to the recorded notice (Compl. ¶ 11).

8    Finally, Section 2924 allows "the trustee, mortgagee, or beneficiary" to file and record

9  a notice of default and begin the foreclosure process.  Recording is not a required prerequisite

10  to initiating foreclosure, however.  "California law does not require possession of the note

11  as a precondition to non-judicial foreclosure under a deed of trust . . .  Pursuant to section

12  2924(a)(1) [], the trustee of a Deed of Trust has the right to initiate the foreclosure process.

13  Production of the original note is not required to proceed with a non-judicial foreclosure."

14  *Pagtalunan v. Reunion Mortgage Inc.*, 2009 WL 961995, at *1 (N.D. Cal. 2009) (Laporte,

15  Mag. J.).  The trustee has the power and the duty to initiate foreclosure proceedings on the

16  property upon the trustor's default, resulting in a sale of the property.  *Lomboy v. SCME Mortg.*

17  *Bankers*, 2009 WL 1457738, at *5 (N.D. Cal. 2009) (Conti, J.).  Because plaintiff has failed to

18  sufficiently identify how (and which) defendants failed to comply with Sections 2923.5 and

19  2924, these claims are **DISMISSED**.

20    **6.      DECLARATORY AND INJUNCTIVE RELIEF.**

21    Plaintiff seeks "a determination as to the legal status of the parties as to the Adjustable

22  Rate Note and the Deed of Trust" (Compl. ¶ 70).  While plaintiff refers only to "injunctive

23  relief," the complaint appears to also seek a declaratory judgment.

24    These claims are actually requests for remedies — to weigh them, the court must look

25  to the underlying claims.  *See Boeing Co. v. Cascades Corp.*, 207 F.3d 1177, 1192 (9th Cir.

26  2000).  Until plaintiff's claims are finally determined, it is impossible for this order to say that

27  declaratory relief and injunctive relief will not be appropriate.

28

**United States District Court**
For the Northern District of California

**CONCLUSION**

Because this order finds plaintiff has insufficiently pleaded each alleged claim for relief, it need not consider plaintiff's further allegations of entitlement to punitive damages and attorney's fees.  For the foregoing reasons, defendants' motion to dismiss is **GRANTED.** Plaintiff's claim for violation of California Civil Code Section 2923.6 is **DISMISSED WITHOUT LEAVE TO AMEND.**  All other claims asserted against the moving defendants are **DISMISSED.** The hearing scheduled for April 26, 2012 is hereby **VACATED.**  Plaintiff may seek leave to amend the complaint and will have **FOURTEEN CALENDAR DAYS** from the date of this order to file a motion, noticed on the normal 35-day track, for leave to file an amended complaint. A proposed amended complaint must be appended to the motion.  The motion should clearly explain how the amendments to the complaint cure the deficiencies identified herein. Counsel for plaintiff is strongly encouraged to limit the proposed amended complaint to the facts and allegations giving rise to plaintiff's claims and to exclude references to the general public and average borrowers.

**IT IS SO ORDERED.**

Dated:  April 23, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE