IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETRA PEREZ,<br><br>  Plaintiff,<br><br>  v.<br><br>AMERICAN HOME MORTGAGE SERVICING, INC., MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC., T.D. SERVICE COMPANY, and DOES 1-50, inclusive,<br><br>  Defendants. | No. C 12-00932 WHA<br><br>**ORDER DISMISSING ACTION AGAINST DEFENDANT T.D. SERVICE COMPANY** |

On April 23, 2012, defendants American Home Mortgage Servicing, Inc. and Mortgage Electronic Registration System, Inc.'s motion to dismiss was granted. The order concluded that plaintiff Petra Perez, who is represented by counsel, insufficiently pled each alleged claim for relief. One claim was dismissed without leave to amend; the remaining claims were dismissed with leave to file a motion for leave to amend the complaint by May 7. Plaintiff did not seek leave to amend. Moreover, pursuant to the case management order, the deadline to add new parties or make pleading amendments was June 29. As all claims in the operative complaint have been dismissed against defendants American Home Mortgage Servicing, Inc. and Mortgage Electronic Registration System, Inc., the action was dismissed with prejudice as to those defendants.

Defendant T.D. Service Company ("T.D. Service") is the sole remaining defendant. Defendant filed a declaration of non-monetary status on February 7, prior to removal of this action to federal court. Section 2924l provides that where "a trustee under a deed of trust is

named in an action or proceeding in which that deed of trust is the subject, and in the event that the trustee maintains a reasonable belief that it has been named in the action or proceeding solely in its capacity as trustee, and not arising out of any wrongful acts or omissions on its part in the performance of its duties as trustee, then, at any time, the trustee may file a declaration of nonmonetary status." Cal. Civ. Code § 2924l.

Although this Court has held that Section 2924l declarations are generally not valid in federal court proceedings, it has treated a defendant as a nominal defendant where the parties have stipulated to non-monetary status. *Avila v. Wells Fargo Bank, N.A*., No. 12-CV-01237, Dkt. No. 22 (N.D. Cal. May 21, 2012) (Alsup, J.). By order dated July 9, the Court ordered a stipulation of non-monetary status to be filed as to defendant T.D. Service by July 23; if no such stipulation was filed by that date, plaintiff was ordered to show cause why the reasons for dismissing the action stated in the dismissal order do not also apply to the claims alleged against T.D. Service. No stipulation was filed and plaintiff has not filed a statement showing cause.

The complaint alleges that T.D. Service was trustee of record at the time the Notice of Default on the subject property was recorded. All of plaintiff's claims against defendant T.D. Service, as well as the operative facts, are identical to those alleged against defendants American Home Mortgage Servicing, Inc. and Mortgage Electronic Registration System, Inc. Plaintiff has not sought leave to amend the complaint or shown cause why the April 23 dismissal order should not also apply to claims alleged against T.D. Service. Accordingly, because the claims against T.D. Service are no different than the dismissed claims against the other two defendants and plaintiff has made no showing to the contrary, the action is **DISMISSED WITHOUT LEAVE TO AMEND** as against defendant T.D. Service. As there are no remaining claims against any defendant, judgment will be entered. Plaintiff is advised that she may appeal the dismissal of this action to the Court of Appeals for the Ninth Circuit but must file a notice of appeal within 30 days of the entry of judgment against her.

**IT IS SO ORDERED.**

Dated: September 4, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2